Receipt number AUSFCC-10192642

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## (BID PROTEST)

| | | |
|---|---|---|
| VINSYS IT HUB LLC ) | | |
| ) | | |
| Plaintiff, ) | Case No. | 25-216 C |
| ) | | |
| v. ) | Judge | _____ |
| ) | | |
| THE UNITED STATES, ) | | |
| ) | | |
| Defendant ) | | |

## BID PROTEST COMPLAINT

Plaintiff VINSYS ITHub LLC ("Vinsys IT" or "Protestor") files this bid protest against the United States of America, and states as follows:

### Nature of the Action

1. VINSYS ITHub LLC brings this preaward protest against the solicitation Request for Quotation ("RFQ") 174009 (the "Solicitation") by the Department of Health and Human Services, National Institutes of Health, National Library of Medicine ("NLM" or "Agency") for violation of 13 C.F.R. § 124.504(d) and FAR 19.815. While NLM sought approval from the Small Business Administration ("SBA") to remove this follow-on contract from the SBA' 8(a) Program, the SBA's approval was pro forma and not based on any meaningful analysis of the Solicitation in comparison to the previous contract. If the SBA had conducted any meaningful analysis between the two contracts, it would have determined that the Solicitation is not a "new requirement" and is in reality a follow on contract that must be kept in the 8(a) Program.

2.	The Solicitation is nearly identical to the previous contract, Delivery Order GS06F0723Z-75N97019F00157 (the "Predecessor Contract"), right down to the title. The Predecessor Contract was procured and awarded under the GSA's 8(a) Streamlined Technology Acquisition Resource for Services II ("STARS II") contract vehicle. The Predecessor Contract was titled "Software Development, Automation, and Maintenance to Support Health Care, Biomedical Vocabularies, and Standards for the National Library of Medicine's (NLM) Office of Computer and Communications Systems (OCCS)." The current Solicitation is titled "Software Development, Automation, and Maintenance to Support Health Care, Biomedical Vocabularies, and Standards for the National Library of Medicine's (NLM) Office of Computer and Communications Systems (OCCS)." The statements of work between the two contracts are almost as identical as the titles. As the Solicitation is not a "new requirement" under 13 C.F.R. § 124.504(c)(ii), the NLM decision to remove the Solicitation from the 8(a) Program and the SBA's approval of this removal both violate Federal Law and Regulations.

## The Parties

3.	VINSYS ITHub LLC is a Virginia limited liability company that is a certified 8(a) small business joint venture formed in 2019 between Vinsys Information Technology Inc. ("Vinsys") and Infostellar Inc.

4.	The United States of America, for all purposes relevant hereto, acted by and through the NLM and the SBA.

## Jurisdiction and Standing

5.	The Court has subject-matter jurisdiction over this bid protest under the Tucker Act, as amended by the Administrative Dispute Resolution Act of 1996. 28 U.S.C. § 1491(b)(1).

6.	Vinsys IT is an "interested party" as it is a certified 8(a) company who has access to a STARS III Contract vehicle through its members and is a potential offeror for the Solicitation both through the current GSA RFQ or it the Solicitation was properly published as an 8(a) set-

aside contract. Thus, Vinsys IT has a direct economic interest that is being affected by the NLM's procurement decision supported by the SBA and has standing to bring this protest.

7. Therefore, as discussed in this complaint, Vinsys-IT suffers from a non-trivial competitive injury which can be redressed by judicial relief. It is therefore prejudiced by NLM's procurement decisions that are arbitrary, irrational, and contrary to law.

**Factual Background**

The Previous Solicitation and GAO Protest

8. NLM initially published the Solicitation under RFQ 1703802 in August 2024. At that time, Vinsys, as a holder of the STARS III contract vehicle reached out to the Contracting Officer several times regarding the removal of the contract from the 8(a) Program. The contracting officer did not respond to any of these emails.

9. When these emails were not addressed, undersigned counsel reached out to the contracting officer expressing the concern that this opportunity was being removed from the 8(a) in violation of FAR 19.815 and the small business regulations. The contracting officer did not respond to this communication.

10. Due to the contracting officer's failure to respond to these emails, Vinsys-Shilpi LLC filed a preaward protest on August 28, 2024, docketed at B-422876.1, on the basis that NLM was violating several regualions by improperly removing work from the 8(a) Program.

11. Nine days later, NLM took corrective action to "coordinate with the" SBA in accordance with 13 CFR § 124.504(d).

12. In other words, despite several communications from Vinsys and its counsel, NLM refused to address its violation of the SBA regulations until Vinsys filed a pre-award protest.

Coordination with SBA

13. Sometime after taking corrective action, NLM did reach out to the SBA to get approval to remove this contract from the 8(a) Program.

14. In an email that Agency counsel shared with Protestor's counsel, NLM reached out to the SBA stating:

> We are not requesting the acceptance of an offer letter but rather have submitted documents for SBA to review in relation to a current 8(a) contract that is in the process of being recompeted. The CO is requesting SBA provide review of a D&F and applicable SOWs (old and new) in the determination that this recompete contract being defined as a new contract therefore will not be competed under the 8(a) program.

Exhibit A.

15. The SBA responded simply: "Yes, we consider this a new contract and a release is not required." *Id.*

16. The SBA's response shows that it failed to conduct any actual meaningful evaluation of the Predecessor Contract and the Solicitation.

17. If the SBA had conducted a meaningful evaluation, it would have determined that the Solicitation does not meet the regulatory definition of a "new requirement."

Comparison of the Two Contracts

18. Under FAR 19.815(a) once a requirement is in the 8(a) program, "any follow-on requirements … shall remain in the 8(a) program…" This provision cites to 13 CFR § 124.3 for the definition of "follow-on."

19. That regulation states:

> The determination of whether a particular requirement or contract is a follow-on includes consideration of whether the scope has changed significantly, requiring meaningful different types of work or different capabilities; whether the magnitude or value of the requirement has changed by at least 25 percent for equivalent periods of performance; and whether the end user of the requirement has changed. As a general guide, if the procurement satisfies at least one of these three conditions, it may be considered a new requirement. However, meeting any one of these conditions is not dispositive that a

requirement is new. In particular, the 25 percent rule cannot be applied rigidly in all cases. ***Conversely, if the requirement satisfies none of these conditions, it is considered a follow-on procurement***.

13 CFR 124.3 (emphasis added). None of the exceptions apply to the Solicitation, making it a follow-on requirement.

20. Vinsys-IT performed an analysis of required labor categories and the level of effort in the Predecessor Contract and the Solicitation.

21. The Predecessor Contract has nineteen labor categories, whereas the Solicitation has only seventeen. The previous contract required a Programmer / Analyst and an Intermediate Data Standards Programmer; neither of which is required by the current Solicitation.

22. The Solicitation added a position for a Senior Cloud Architect and slightly changed a labor category from a Software Systems Engineer to a Systems Administrator (DevOps).

23. The Predecessor Contract required 48260 labor hours a year for a five-year total of 241,300 required hours.

24. The current Solicitation requires 39,318 labor hours for the first three years and 43142 for the final two years of the contract – for a total of 204238. From a level of effort basis, the Solicitation's level of effort is about 15% lower than the Predecessor Contract.

25. Lastly, the type of work and capabilities of the two contracts are virtually identical as well.

26. The only difference between the two SOW's is that the Solicitation has some expanded cloud-computing tasks; however this is a not "new work" and does not require a new capability.

27. The Predecessor Contract required cloud computing capabilities, specifically requiring:

    hands-on experience in designing, development, and supervising the implementation and operation of entire automated application testing and deployment pipelines ***in both AWS Cloud and on-premises applications*** (current majority of infrastructure running on premises and ***NLM/OCCS are migrating to the Cloud***).

Predecessor Contractor SOW.

  28. The only difference in the tasks between the Predecessor Contract and the Solicitation is that in 2019 NLM began the process of migrating to the cloud and in 2024 the cloud migration is completed and needs to be maintained.

  29. This small change in the contract's focus is reflected in the minor changes in the required labor categories and the reduction in required labor hours.

  30. The only actual difference between the two statements of works is that in 2019 the contractor was required to work on and maintain two systems: one in the cloud and one on premises. In 2025, the contractor only needs to work on and maintain a cloud system.

  31. This is not a "meaningful different type of work," and if anything, is a easier and more streamlined contract.

  32. The only reason that NLM wants to remove the Solicitation from the 8(a) Program is because the incumbent contractor is no longer eligible to bid on 8(a) set asides.

  33. The Predecessor Contract was awarded to Software Consultants, Inc. ("SCI") under the 8(a) STARS II Contract Vehicle. SCI has been the incumbent contractor for at least 10 years.

  34. However, now doing business as SCI Group, SCI has long since graduated from the 8(a) program, is no longer SBA Certified 8(a) Company and does not have a STARS III Contract Vehicle.

  35. In other words, if the Agency were to follow the requirements of FAR 19.815(a), its incumbent contractor would not be able to directly bid on the opportunity.

  36. FAR 19.815 and 13 C.F.R. § 124.504(d) exist to prevent this exact situation – where an agency wishes to favor an incumbent contractor and seeks to remove an opportunity from the 8(a) Program.

37. NLM desire to inaccurately classify the Solicitation as a "new requirement" to circumvent thes regulations is unreasonable, irrational and a violation of law.

## COUNT ONE
## NLM HAS VIOLATED THE ADMINISTRATIVE PROCEDURE ACT
## BY VIOLATING PROCUREMENT REGULATIONS

38. Vinsys-IT realleges and incorporates the allegations of the preceding paragraphs by reference as if fully set forth herein.

39. This Court reviews agency decisions in bid protests using the standard of review set forth in the Administrative Procedure Act ("APA").

40. This standard permits a court to set aside an agency's contracting decision if the protestor shows it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Golden IT, LLC v. United States*, 165 Fed. Cl. 676, 685 (2023) (citing 5 U.S.C. § 706(2)(A) (2018)).

41. NLM's classification of the Solicitation as a "new requirement" is flawed and and a violation of law and regulation.

42. Therefore, this decision is a violation of the APA.

## COUNT TWO
## THE SBAE HAS VIOLATED THE ADMINISTRATIVE PROCEDURES ACT BY
## FAILING TO PROPERLY ANALYZE THE SOLICITATION'S REQUIREMENT

43. Vinsys-IT realleges and incorporates the allegations of the preceding paragraphs by reference as if fully set forth herein.

44. An agency decision is "arbitrary and capricious" if it is not in accordance with the law. *Golden IT,* 165 Fed. Cl. at 686.

45. 13 C.F.R. § 124.504(d) requires the SBA to analyze a follow-on solicitation to determine if it can be released from the 8(a) Program.

7

46. Part of this analysis requires the SBA to determine if the solicitation is a "new requirement" or a "follow-on contract" under 13 C.F.R. § 124.3. This requires the SBA to conduct an analysis of the factors in this regulation.

47. The SBA failed to conduct any reasonable evaluation of the Solictation.

48. By failing to conduct a reasoned assessment, the SBA acted arbitrary, capricious and violated of the APA.

## PRAYER FOR RELIEF

WHEREFORE, Vinsys-IT requests that this Court:

A. Sustain this Protest;

B. Determine that the Solicitation is a "follow-on contract;"

C. Permanently enjoin the award of any contract under the Solicitation;

D. Declare that the NLM take corrective action by re-publishing the Solicitation as an 8(a) set-aside;

E. Recommend that Vinsys-IT be reimbursed its costs of filing and pursuing this protest; including the cost-of-living adjusted attorneys' fees and costs; and

F. Award Vinsys-IT such other and further relief as the Court may deem just and proper, including, without limitation, bid and proposal costs.

Dated: February 5, 2025                    Respectfully submitted,

*/s/ Lewis P. Rhodes*
Lewis P. Rhodes
Thomas K. David
Reston Law Group LLP
2100 Reston Parkway, Suite 450

Reston, Virginia  20191
Tel. 703-483-2816
lrhodes@restonlaw.com
tdavid@restonlaw.com

Case 1:25-cv-00216-RTH   Document 1   Filed 02/06/25   Page 9 of 9